In re LIBBY.

(District Court, D. Vermont. June 11, 1900.)

1. BANKRUPTCY—EXEMPTIONS—STATE STATUTE.

Under a state statute exempting to a debtor his "best swine or meat of a swine," the fact that a bankrupt has a part of the meat of a swine does not deprive him of the right to select his best remaining swine as exempt.

2. SAME.

Under the Vermont statute exempting to a debtor "two horses kept and used for team work," a bankrupt is not entitled to claim as exempt a horse kept and used as a racer, and not otherwise, although he had been casually used on a few occasions for work, and also in carrying members of the bankrupt's family to and from work or school.

In Bankruptcy. On report of referee on bankrupt's claim for exemptions.

A. G. Cox, for bankrupt.
J. G. Harvey, for trustee.

WHEELER, District Judge. The bankrupt had a horse, six swine, and a considerable part, but not the whole, of the meat of a swine. The statutes of the state exempt "the best swine or meat of a swine," and "one yoke of oxen or steers as the debtor may select, two horses kept and used for team work, and such as the debtor may select in lieu of oxen or steers." The bankrupt claimed one of the six swine, as the best, and the horse. The trustee refused to set out either. On special reference in review, the referee has found that the bankrupt is entitled to the swine claimed, but not to the horse, on the facts reported as to each.

As to the swine, there does not seem to be any fair question but that the finding of the referee is correct. The meat of a swine is all the meat of a swine; and a part of that does not exclude the exemption of a swine, if the debtor has one, nor of the best swine, if he has more than one. Church v. Fairbrother, 38 Vt. 33.

The report shows that the horse has been a racer, and had been

kept and used as such. It had not been used otherwise by the bankrupt, for anything that could be called team work for himself, nor for any one, but the carrying of milk from the farm where he worked, a few times, for his employer, without the latter's knowledge. This was not a use, nor a keeping for use, for himself or for his benefit, such as the statute contemplates, but was a mere casual use for another, which the horse was not kept for. The only other use made of the horse by the bankrupt was the carrying of his children to school, and a member of his family to work. This would be a use of the horse as a part of what is sometimes called a "team," which includes the horse, vehicle, and outfit; but the use of such a team for riding to or from work or study would not be a use in team work, which is more than a use for mere getting about for pleasure, or going to or from work or business. Hickok v. Thayer, 49 Vt. 372. If the exemption had been of a horse or horses kept and used for a team, without further word of limitation on the meaning, it might have been broad enough to include a team, in every sense, and so reach this horse. But the word "work" is added, which excludes teams not for use in team work. The conclusion of the referee as to the horse seems, therefore, to be correct. If this was doubtful as a matter of fact, the conclusion of the referee, which the bankrupt act authorizes the court to take, would be followed, as is usual in such matters.

As neither party has wholly prevailed, no costs should be taxed in favor of either against the other; but, as this proceeding has been made necessary by the refusal of the trustee to set out the swine, the referee's fees ($10) should be paid out of the estate. Report of referee accepted and confirmed, without costs; referee's fees, of $10, to be paid out of the estate.